# PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806
_____

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

(302) 655-4200 (P)
(302) 655-4210 (F)

June 28, 2019

**VIA CM/ECF & HAND DELIVERY**                              *REDACTED PUBLIC VERSION*

The Honorable Leonard P. Stark
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Pfizer Inc., et al. v. Micro Labs USA Inc., et al.*,
             C.A. No. 17-158 (LPS)

Dear Chief Judge Stark:

Pursuant to the Court's June 26, 2019, oral Order (D.I. 129), Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (collectively, "Zydus") respectfully request that the Court compel Plaintiffs Pfizer Inc., PF Prism C.V., C.P. Pharmaceuticals International C.V., Pfizer Pharmaceuticals LLC, and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. (collectively, "Pfizer") to: (i) provide a meaningful response to Interrogatory No. 3 that requests Pfizer to explain the factual bases for its assertion of secondary considerations; and (ii) produce a corporate witness to testify in response to Rule 30(b)(6) deposition topics regarding the facts underlying Pfizer's assertion of secondary considerations.  This discovery is relevant to invalidity issues and necessary to provide Zydus with fair notice of Pfizer's position(s).  Pfizer has identified no burden in providing the requested discovery.

**I.  Pfizer should be compelled to provide a meaningful response to Zydus's Interrogatory No. 3 regarding secondary considerations**

Interrogatory No. 3 in Defendants' first set of interrogatories states:

If you contend there are secondary considerations/objective indicia of non-obviousness, such as, for example: (1) commercial success, (2) long felt but unresolved need, (3) failure of others, (4) industry skepticism, (5) industry praise, (6) unexpected results, or (7) copying, then state the basis and all facts in support thereof, explain the factual basis for any nexus between those considerations and the subject matter claimed in the Patents-in-Suit, and identify any persons with knowledge of such facts and any documents relating to such facts.

Pfizer provided the following conclusory response:

The nonobviousness of the subject matter claimed in the Patents-in-Suit is supported by at least the following secondary considerations: commercial success; long felt but unresolved need; industry praise; and unexpected results.  Plaintiffs

>are still investigating the facts that are the subject of Interrogatory No. 3. In any event, the issues that are the subject of Interrogatory No. 3 will be the subject of expert discovery.
>
>Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce documents from which Defendants may ascertain information responsive to this interrogatory.

(Ex. A, Pfizer's Objections and Responses to Defendants' First Set of Joint Interrogatories at 21.) Pfizer did not identify in its response any specific documents pursuant to Rule 33(d).

After Zydus raised concerns with the adequacy of Pfizer's response, Pfizer supplemented its response to Interrogatory No. 3 to include a list of 93 documents in which "[i]nformation responsive to this interrogatory may be found." (Ex. B, Pfizer's Supplemental Objections and Responses to Defendants' Joint Interrogatories Nos. 1-3 at 6-8.) Pfizer neither linked the documents to any specific secondary consideration nor explained how it is that the listed documents supposedly support Pfizer's position(s).

Two days before the close of fact discovery, Pfizer again supplemented its response to Interrogatory No. 3. This time, Pfizer added four new conclusory sentences that provided no explanation of the factual basis for its assertion of the identified secondary considerations. (*See, e.g.,* Ex. C, Pfizer's Supplemental Objections and Responses to Defendants' Joint Interrogatories Nos. 1 and 3 at 4 ("The commercial success, industry praise, and long felt but unresolved need met by Xeljanz® and Xeljanz XR® is attributable to the compound . . . , which is covered by the asserted claims . . . .").) Pfizer also listed documents under headings for each of the asserted secondary considerations (e.g., "Long Felt But Unresolved Need") allegedly containing "[i]nformation responsive to this interrogatory." (*Id.* at 3-7.) Once again, Pfizer failed to explain how the listed documents supposedly support Pfizer's position(s).

Zydus is entitled to a meaningful articulation of the factual basis for Pfizer's asserted secondary considerations of nonobviousness. (*See, e.g., Astellas Pharma Inc. v. Actavis Elizabeth LLC*, No. 16-905-JFB-CJB, 2018 WL 5292546, at *1 (D. Del. Oct. 24, 2018) (holding that "[w]hen a defendant propounds an interrogatory seeking factual information regarding [secondary considerations], it is entitled to a meaningful response").) Simply providing a list of documents "which will provide responsive information" is insufficient. (*See United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) (stating that "courts have consistently held that [Rule 33(d)] cannot be used with respect to contention interrogatories").) Zydus should not have to guess at the facts underlying Pfizer's apparent contentions of commercial success, long-felt but unresolved need, failure of others, industry skepticism, and industry praise. (*See id.* (finding that a list of five documents was not "a meaningful response").)

## II. Pfizer should be compelled to provide a corporate witness to testify regarding Defendants' Rule 30(b)(6) Topic Nos. 18 and 23-30 regarding secondary considerations

Pfizer has refused to designate a corporate witness to testify regarding Topic Nos. 18 and 23-30 in Defendants' Rule 30(b)(6) Notice of Deposition, each of which relate to secondary considerations. (*See* Ex. D, Pfizer's Responses and Objections to Defendants' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) at 14, 16-20.) For example, Topic No. 18 seeks testimony on "[a]ny purported commercial success related to the subject matter claimed by the Patents-in-Suit." (*Id.* at 14; *see also id.* at 16-20 (Topic Nos. 23 (long-felt but unmet need), 24

(industry praise), 25 (unexpected results), 26 (failure of others), 27 (copying), 28 (skepticism of experts), 29 (licensing acquiescence), and 30 (secondary considerations related to claimed methods of treatment of certain diseases)).) Pfizer responded by stating it "will not produce a witness to testify regarding [any of these Topics]." (*Id.*)

Zydus is entitled to corporate testimony on Topics Nos. 18 and 23-31, which, like Interrogatory No. 3, relate to the factual basis for Pfizer's allegations of secondary considerations. *See Ortho-McNeil-Janssen Pharm., Inc. v. Watson Lab., Inc.*, No. 08-5103 (SRC)(MAS) at 7 (D.N.J. June 4, 2010) (ordering plaintiffs to designate a Rule 30(b)(6) witness to testify on "the factual basis for [plaintiffs'] secondary considerations of non-obviousness assertions, such as commercial success, long-felt need for the product, failure of others to invent or develop the product, unexpected results, copying and licensing of the product and acceptance in the industry, which even expert testimony may be unable to provide").

These Topics do not "effectively request[] that Plaintiffs provide a Rule 30(b)(6) witness to testify on certain of Plaintiffs' legal contentions, which is not permitted in the District of Delaware," as Pfizer has argued. (Ex. E, April 10, 2019 Letter from A. Stiefel at 1.) Zydus is not seeking testimony on Pfizer's legal contentions—it is seeking testimony on *the facts underlying* Pfizer's asserted secondary considerations. For example, what in the laundry list of documents is the alleged "praise" on which Pfizer will rely? Similarly, what in the documents is the particular "need" related to the asserted patent claims, and how "long felt" was it? Zydus should not have to guess at the factual basis for Pfizer's secondary considerations theories.

Pfizer has cited a number of cases in refusing to present a witness on these topics. The actual topics at issue in these cases are unclear. What is clear from those cases, however, is that Pfizer must provide to Zydus sufficient details of the secondary considerations advanced by Pfizer (and for which Pfizer bears the burden of proof) so that Zydus can properly respond to Pfizer's position. (*See, e.g., Medicis Pharma Corp. v. Actavis Mid Atlantic LLC*, No. 11-00409-LPS-CJB, D.I. No. 242, Tr. at 43-45 (D. Del. Oct. 19, 2012) (denying request for Rule 30(b)(6) witness on secondary considerations, but stating "this information is more promptly obtained via contention interrogatories" and that "it wouldn't be inappropriate for the plaintiffs to either supplement or to provide some amount of this information via the response to a contention interrogatory"); *Tiegel Manu Co. v. Globe-Union, Inc.*, C.A. No. 84-483, Tr. at 14 (D. Del. Oct. 5, 1984) (denying contention deposition request, but stating that "it has accordingly been the consistent practice to require that contention discovery, which is clearly permissible and very constructive in narrowing the issues, but to confine it to interrogatories to a party").) Here, Pfizer has taken the opposite approach, arguing that it is obligated to provide neither a substantive response to Zydus's contention interrogatories nor present a witness on the factual basis for its secondary considerations.

Zydus respectfully requests that the Court issue an order compelling Pfizer to: (i) provide a substantive response to Interrogatory No. 3 regarding secondary considerations; and (ii) produce a corporate witness to provide testimony in response to Rule 30(b)(6) Topic Nos. 18 and 23-30 regarding the facts underlying any asserted secondary considerations.

The Honorable Leonard P. Stark  Page 4
June 28, 2019

                                                    Respectfully submitted,

                                                    */s/ John C. Phillips. Jr.*

                                                    John C. Phillips, Jr. (#110)

cc: Counsel of Record (via CM/ECF & Email)